IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

INDERJIT SINGH,                          :
                                         :
          Petitioner,                    :
                                         :
     v.                                  :     CIVIL ACTION NO. 3:05-CV-0737
                                         :     (JUDGE KOSIK)
JOHN ASHCROFT, ET AL.,                   :
                                         :
          Respondents.                   :
                                         :

## MEMORANDUM AND ORDER

AND NOW, THIS 5th DAY OF JULY, 2005, IT APPEARING TO THE COURT THAT:

[1] On April 12, 2005, Inderjit Singh ("Petitioner") filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his continued detention by the Bureau of Immigration and Customs Enforcement ("BICE");

[2] Petitioner argued that he should be released as the BICE failed to provide him with a custody review hearing as required by *Zadvydas v. Davis*, 533 U.S. 678 (2001);

[3] on May 2, 2005, this court entered an order providing Respondents with twenty (20) days to file a response to the allegations contained in the petition;

[4] on May 25, 2005, this court granted Respondents' motion for enlargement of time to respond and provided Respondents with an additional twenty (20) days to file a response to the petition;

[5] by letter dated June 17, 2005 (filed on June 23, 2005), Petitioner indicated that he was released on May 31, 2005, and presently resides in Fresno, California; and,

[6] in the same letter, Petitioner requested that we grant him, "some human relief."  *See* Petitioner's letter of June 17, 2005.

IT FURTHER APPEARING THAT:

[7] In *DeFoy v. McCullough*, 393 F.3d 439 (3d Cir. 2005), the Third Circuit held that, "[a] prisoner may seek federal habeas relief only if he is in custody in violation of the constitution or federal law. 28 U.S.C. § 2254(a). Moreover, a petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition."  *Id.* at 441 (citing *Lane v. Williams*, 455 U.S. 624, 631, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982));

[8] The above principle derives, "from the case or controversy requirement of Article III of the Constitution, which 'subsists through all stages of federal judicial proceedings, trial and appellate ... the parties must continue to have a personal stake in the outcome of the lawsuit.'"  *Id. (*citing *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990));

[9] Petitioner no longer has a personal stake in the outcome of the action because he has received the relief sought;

[10] Having received the relief requested in his Writ for Petition of Habeas Corpus, Petitioner is not entitled to damages in the form of, "human relief;" and,

[11] as there is no continuing case or controversy, the petition is rendered moot and will be dismissed.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

[1] The Petition for Writ of Habeas Corpus filed on April 12, 2005 is **dismissed as moot**;

[2] Petitioner's request for damages in the form of "human relief" is **denied**; and,

[3] the Clerk of Court is directed to close the case.

s/Edwin M. Kosik
United States District Judge
